```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

Michael Anthony Wood                          CV-02-1678 (CPS)
                Petitioner,

    - against -                               MEMORANDUM OPINION
                                              AND ORDER
United States of America,

                Respondent.

----------------------------------------X
```

SIFTON, Senior Judge.

On September 12, 1989, Michael Anthony Wood was convicted after a jury trial of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §846, one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §841, and one count of using and carrying a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. §924(c)(1). Presently before the Court is petitioner's motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b)(5) and petitioner's supplemental motion under Rules 60(b) and 15(d).[1] For the reasons set forth below petitioner's motion is treated as a habeas petition under §2255 and the government is ordered to show cause

---

[1] Petitioner purports to bring this motion under Rule 15(a), which allows a party to amend its pleading by leave of the court. However, the appropriate subsection is (d) which "permit[s] the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented."

before the undersigned on or before August 15, 2006 why the relief requested in petitioner's 2255 petition filed in 2002 should not be granted.

BACKGROUND

The following facts are drawn from the papers submitted in connection with this application and petitioner's previous applications for habeas relief, decided in written orders dated May 13, 1996, May 15, 1998, and January 26, 2004.

On December 6, 1988, an informant told Special Agent John Austin of the Drug Enforcement Administration (the "DEA") about a narcotics trafficking ring operating at 14 Turner Place in Brooklyn. Petitioner, a resident of 14 Turner Place, gave the informant a beeper number to call to purchase narcotics. The informant stated that petitioner expected a delivery of nine kilograms of cocaine on Tuesday, December 6, 1988.

Based on this information, Agent Austin obtained a warrant to search 14 Turner Place and began to conduct surveillance of the premise. At 10:15 p.m., a man later identified as Jorge Fuentes entered the building empty-handed and left moments later with a plastic bag. Fuentes got into a livery cab, which was later stopped by DEA Agents Gerard McAleer and Kenneth Dinino. The agents found approximately $32,000 in cash, bundled with rubber bands, in the plastic bag carried by Fuentes. Thereafter, another male, later identified as petitioner Michael Wood,

entered the Turner Place premises.

At 10:45 p.m., DEA agents executed the search warrant. Agents Dinino and McAleer among others first knocked on the front door of 14 Turner Place and announced themselves as DEA agents. When no one answered, the agents broke down the door with a sledgehammer. In the premises, the agents found Michael Wood and a woman named Patricia Crossman.

In one rear bedroom, the agents found a loaded .45 caliber semi-automatic pistol under the mattress of the bed, a cellular phone, and documents in the names Cecil Simon and Cecil Jackson. In another bedroom, agents found over 600 grams of cocaine base of 90% purity, a loaded Tech 9 submachine gun, a loaded 9 millimeter semi-automatic pistol, and documents with petitioner's name on them. In the kitchen, agents found $72,000 in cash, crack vials, glassine bags, a digital scale, ammunition, and a Pyrex pot containing crack residue. In the dining room, agents found a notebook containing entries reflecting narcotics transactions.

Petitioner was convicted after trial of one count of conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 846, one count of possession with intent to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841, and one count of using and carrying a firearm in relation to a

drug-trafficking offense in violation of 18 U.S.C. § 924 (c)(1). I sentenced petitioner to concurrent sentences of 235 months imprisonment on the conspiracy and substantive drug counts and to a consecutive 60-month prison sentence on the gun count. In a nonpublished order issued on March 2, 1990, the Court of Appeals affirmed Wood's conviction. *U.S. v. Wood*, No. 89-1465, 1466.

On October 4, 1994 Wood filed his first petition for relief pursuant to 28 U.S.C. §2255, premised on allegations that the government had "framed" him. I denied this petition in a memorandum and order dated May 13, 1996.

Thereafter, Wood moved to vacate his conviction for violating 18 U.S.C §924(c)(1) and to modify his sentence on the drug counts. In a May 15, 1998 memorandum and order, I vacated Wood's conviction on the gun count in light of *Bailey v. U.S.*, 516 U.S. 137 (1995),[2] and ordered that Wood be resentenced on the drug counts. Because Wood had filed the earlier petition for collateral relief pursuant to 28 U.S.C. §2255, I construed Wood's subsequent filing as a petition under 28 U.S.C. §2241 pursuant to *Triestman v. United States*, 124 F.3d 361, 372 (2d Cir. 1997).[3]

---

[2] Holding that a defendant cannot be convicted of "using" a firearm under 18 U.S.C. §924(c)(1) unless the defendant "actively employed" the firearm. Mere possession, defined by "proximity and accessibility," is insufficient. *Bailey*, 516 U.S. at 506.

[3] Successive petitions under §2255 are limited to those arising out of newly discovered evidence or those arising out of a new rule of constitutional law. In *Triestman v. U.S.*, 124 F.3d 361, 372 (2d Cir. 1997) the Supreme Court held that the *Bailey* decision merely interpreted a substantive criminal statute, but did not announce a new constitutional rule. Accordingly, defendant's challenge of his conviction and sentence in light of *Bailey*

At the May 20, 1999 resentencing I found the minimum sentence in the applicable Guidelines range to be 292 months. I decided to downwardly depart from that sentence to impose to concurrent terms of 264 months, in light of Wood's post-conviction rehabilitation and, "his acknowledgment . . . of his responsibility for both the offense and for testifying falsely during his trial," admissions having the consequence of "foregoing a claim of actual innocence." (Resentencing Minutes at 18-19).

Woods appealed the resentencing, challenging his firearms enhancement and the use of the crack cocaine guidelines.[4] The Court of Appeals affirmed the conviction. *U.S. v. Wood*, No. 99-1298 (2d Cir. Aug. 9., 2000).

Woods sought certiorari, challenging the use of the crack cocaine guidelines pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which had been decided on June 26, 2000.[5] The Supreme Court denied certiorari on March 19, 2001 and denied a petition for rehearing on May 21, 2001. *Wood v. U.S.*, 532 U.S. 924 (2001).

On August 13, 2004, Wood filed a Motion to Recall Mandate in

---

constituted an impermissible successive petition under §2255. However, the *Triestman* court concluded that prisoners who already filed and were denied relief under 28 U.S.C. §2255 might file a petition under §2241.

[4] Because the 924(c) count was reversed and dismissed the applicable Guidelines calculation included a two point enhancement as a result of petitioner's using a gun during a crime. See Resentencing Minutes at 7-8.

[5] Wood's petition is not part of the record on this application, but the government's brief in opposition discussed *Apprendi* as a response to defendant's argument.

the Court of Appeals, in which he argued that, "it is appropriate for the Court to recall the mandate in light of the fact that Appellant's appeal from the amended judgment was still pending at the time of the Supreme Court deciding *Apprendi*." (Motion to Recall Mandate at 3).[6] The Court denied the motion by an order dated November 24, 2004. *U.S. v. Wood*, No. 99-1298. The Court also denied Wood's Motion for Release Pending Disposition of the Motion to Recall the Mandate, filed December 6, 2004, in an order dated January 6, 2005.

Meanwhile, on March 1, 2002, Wood filed another petition in this Court pursuant to 28 U.S.C. §2255. 02-CV-1678. In it, Wood attacked his sentence based on *Apprendi*. In a Memorandum and Order dated January 26, 2004, I transferred that petition to the Court of Appeals as a second or successive petition. I explained that "[n]ot every habeas petition that attacks a new and amended judgment is saved from the AEDPA's[7] bar on 'second or successive' petitions. (M&O at 7-8). Rather, I recognized that:

> whenever a first 2255 petition succeeds in having a sentence amended, a subsequent 2255 petition will be regarded as a "first" petition only to the extent that it seeks to vacate the new, amended component of the sentence, and will be regarded as a "second" petition

---

[6] The government states that Wood filed an earlier motion requesting several types of relief, including a request to recall the mandate, which was denied. *U.S. v. Wood*, No. 99-1298, entries dates May 18, 2000 and July 14, 2000. However, the government states that it could not locate copies of those documents, and so cannot discuss the basis for that motion.

[7] The, Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, § 102, 110 Stat. 1214

> to the extent that it challenges the underlying conviction or seeks to vacate any component of the original sentence that was not amended.

(M&O at 7-8)(quoting *Esposito v. U.S.*, 135 F.3d 111, 113 (2d Cir. 1997)). I transferred the petition to the Second Circuit Court of Appeals, since Wood's *Apprendi* challenge was "not currently challenging any aspect of his resentencing, but rather the validity of his original sentence." (M&O at 8). I stated that:

> The only alteration to petitioner's sentence as a result of the resentencing arose from my decision to grant him a downward departure in light of evidence of his post-conviction rehabilitation and his acknowledgment of wrongdoing. The determination that factors were present which justified imposing a sentence greater than the minimum permitted under the statute was made at petitioner's original sentencing. Therefore, this petition cannot be deemed a "first" petition, and petitioner requires the authorization of the Court of Appeals before he may file a successive petition.

(Id.)

The Court of Appeals did not receive Wood's application to file a successive petition for some time. On July 29, 2004, it denied the application on default. *Wood v. U.S.*, No. 04-0597.

In a second application to file a successive petition filed with the Court of Appeals on May 4, 2005, Wood claimed that his sentence violated *Apprendi* and that applying *Apprendi* would not constitute a prohibited retroactive application, since Wood's appeal was still pending when *Apprendi* was decided. On May 31, 2005, in a one page opinion, the Court of Appeals denied the motion,

> as unnecessary because Petitioner's proposed §2255
> motion is not second or successive. *See Galtieri v.
> United States*, 128 F.3d 33, 37-38 (2d Cir. 1997)
> (holding that "whenever a first 2255 petition succeeds
> in having a sentence amended, a subsequent 2255
> petition will be regarded as a first petition to . . .
> to the extent that it seeks to vacate the new amended
> component of the sentence") [and ordered] that the new
> application be transferred to the above-noted district
> court and that court is directed to provide Petitioner
> with the necessary form for filing a §2255 motion.

*Wood v. U.S.*, 05-2167-op (ellipsis in original).

Meanwhile, on March 7, 2005, Wood filed the current motion under Rule 60(b) and on May 2, 2005 filed a supplemental motion under Rule 60(b) and Rule 15(a). In it, Wood seeks relief under Rule 60(b)(5), because, "[t]he Supreme Court has consistently held that Rule 60(b)(5) authorizes relief from a civil judgment when the moving party can show a significant change in decisional law." (Pl. Mem. 7; see also Supp. Mem 1-2). The change in law Wood points to is *Apprendi*, decided while Wood's case was on direct appeal from his resentencing. (See Pl. Mem. 9). Claiming that he "is seeking only to vacate the new sentence on grounds opened by the resentencing" (Pl. Mem. 12; see Pl. Supp. Mem. 2), Wood challenges the two-level enhancement for use of a firearm (Pl. Mem. 5) and my finding of drug quantity and type. (Pl. Mem. 4).

The government correctly argues that the Court of Appeals denial of Wood's motion to file a successive motion on the ground that his motion was not second or successive means that there has

been no judgment denying habeas relief and thus no ruling subject to challenge in a Rule 60(b) motion (or a Rule 60(b) and Rule 15(a) supplemental motion). Wood is now free to bring all of his challenges in one new §2255 petition.

Wood argues that he should not be required to file a new §2255 motion because he already filed it. Rather, he wishes the Court to expedite adjudication of the §2255 motion originally filed in 2002. The Second Circuit has held that Rule 60(b) motions may be construed as 2255 motions and, in appropriate cases, barred as successive. *Gitten v. U.S.*, 311 F.3d 529(2d Cir. 2002). It is thus reasonable to treat petitioner's 60(b) motion as a non-successive 2255 in order to resolve the motion on its merits and save the petitioner and this Court the time involved in obligating the petitioner to refile the §2255 he filed in 2002. As the Fifth Circuit stated, "[c]ourts may treat motions that federal prisoners purportedly bring under Rule 60(b), but which essentially seek to set aside their convictions on constitutional grounds, as § 2255 motions," because "[t]here is a trend among circuit courts to look beyond the formal title affixed to a motion if the motion is the functional equivalent of a motion under § 2255." *U.S. v. Rich*, 141 F.3d 550, 551 (5th Cir. 1998).

## CONCLUSION

For the reasons set forth above petitioner's motion is

treated as a habeas petition under §2255 and the government is ordered to show cause why in writing on or before August 15, 2006 the relief requested in petitioner's 2255 petition filed in 2002 should not be granted. Petitioner is directed to respond, if at all, by September 25, 2006.

The Clerk is directed to furnish a copy of the within to all parties.

SO ORDERED.

Dated :   Brooklyn, New York
          July 6, 2006

                By: /s/ Charles P. Sifton (electronically signed)
                    United States District Judge